IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CR-57-FL-1
No. 4:16-CV-85-FL

RANDALL STREETER,                    )
                                     )
                 Petitioner,         )
                                     )
        v.                           )           ORDER
                                     )
UNITED STATES OF AMERICA,            )
                                     )
                 Respondent.         )
                                     )

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence,

made pursuant to 28 U.S.C. § 2255 (DE 49, 53), which challenges petitioner's career offender

sentencing enhancement in light of the Supreme Court's ruling in Johnson v. United States, 135 S.

Ct. 2551 (2015).[1] The issues raised are ripe for ruling. For the reasons that follow, the court denies

petitioner's motion to vacate.

## BACKGROUND

On March 10, 2015, petitioner pleaded guilty, pursuant to a written plea agreement, to

conspiracy to distribute and possess with the intent to distribute quantities of heroin, cocaine, and

cocaine base (crack), in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. On July 8, 2015, the court

sentenced petitioner to 141 months' imprisonment. Petitioner did not appeal his judgment.

On June 1, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255,

---

[1] Two documents styled as motions to vacate have been filed in this matter: one
document was filed pro se (DE 49) and the other was filed by appointed counsel (DE 53).
Because the two filings raise a substantively identical issue, the court construes them as a single
motion.

arguing that in light of Johnson, his North Carolina conviction for conspiracy to commit robbery with a dangerous weapon no longer qualifies as a "crime of violence" for purposes of his career offender status. On March 14, 2017, the court ordered petitioner to show cause, within 30 days, why his motion to vacate should not be dismissed in light of the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).[2] Petitioner failed to respond to the court's show cause order.

## COURT'S DISCUSSION

A.      Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  Id. § 2255(b).

B.      Analysis

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).  In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. In this case, petitioner relies on

---

[2] On March 29, 2017, petitioner's appointed counsel moved to withdraw from representation, indicating she did not intend to pursue the matter further but that petitioner wanted to proceed pro se. The court granted counsels motion withdraw on March 30, 3017.

_Johnson_'s reasoning to challenge application of a similar clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing. The Supreme Court recently held, however, that the Guidelines are not "amenable to a vagueness challenge." _Beckles_, 137 S. Ct. at 894. Thus, petitioner may not rely on _Johnson_'s reasoning to attack his career offender designation. Consequently, petitioner's motion must be denied.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. _Miller-El v. Cockrell_, 537 U.S. 322, 336-38 (2003); _Slack v. McDaniel_, 529 U.S. 473, 483-84 (2000). After reviewing the claim presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 49, 53). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge